TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000155-KB

FINAL DATE 9/2/16 _Kim Redmon_ DC

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                          IN SUPREME COURT


JAMES D.R. ROBERTS, JR                                    RESPONDENT


## OPINION AND ORDER


On March 8, 2016, the Supreme Court of Tennessee at Nashville entered an Order suspending James D.R. Roberts, Jr., KBA member number 87787, whose bar roster address is 108 St. Charles Place, Nashville, TN 37212, from the practice of law for six months. The Kentucky Bar Association (KBA) moved this Court to order Roberts to show cause why we should not impose reciprocal discipline under Supreme Court Rule (SCR) 3.435. Roberts failed to respond to the motion. So we accordingly grant the KBA's motion and impose reciprocal discipline. The KBA asserts the Supreme Court of Tennessee's decision to sanction Roberts was based upon the following facts:

> Respondent represented John Wesley Green in a declaratory judgment action filed against his mother, Edna Green, as well as other shareholders in Champs-Elysees, Inc., regarding the

1

purchase of stock by John Wesley Green from his mother. On July 21, 2006, the Court entered an Order granting summary judgment against Respondent's client and imposed a $46,000.00 judgment against him, prompting opposing counsel to initiate a sale of Mr. Green's stock in the company.

The local Sheriff posted a notice on November 30, 2006 to sell the stock but misspelled "Champs-Elysees" by omitting an "s." Respondent attempted to stop the sale by filing a motion, contacting the Sheriff and contacting defendant shareholder's counsel, but was unsuccessful. Respondent then contacted a friend and former client, George Armstrong, about the situation and formed a plan in which Armstrong would file for incorporation of a company using the misspelled version of Mr. Green's company and stocks with the same numbering listed on the notice of sale. Respondent instructed Armstrong to appear and ask questions regarding the legitimacy of the sale, in which he agreed as a favor to Respondent. Respondent immediately filed a lawsuit following the sale against the Sheriff challenging the propriety of the sale.

As a result, opposing counsel in the underlying action sought a finding of contempt against the Respondent. Respondent's subsequent testimony was misleading and evasive, and he misrepresented his role in the plan with Mr. Armstrong, whose testimony was in direct contradiction to his. The Court found that the Respondent intended to interfere with the Court's prior Order permitting execution of the earlier judgment by disrupting the stock sale.

The Supreme Court of Tennessee concluded that Roberts violated the following provisions of the Tennessee Rules of Professional Conduct: Rule 3.3(a)(1), which prohibits making a false statement of fact or law to a tribunal (akin to SCR 3.130(3.3)(a)(1)); Rule 3.3(b), prohibiting attorneys from offering evidence the lawyer knows to be false (akin to SCR 3.130(3.3)(a)(3)); Rule 4.4(a), requiring attorneys to respect the rights of third parties (akin to SCR 3.130(4.4)(a)); Rule 8.4(a), for knowingly assisting or inducing another to violate the Rules of Professional Conduct (akin to SCR 3.130(8.4)(a)); Rule 8.4(c), for engaging in conduct involving dishonesty, fraud, deceit, or

2

misrepresentation (akin to SCR 3.130(8.4)(c)); and Rule 8.4(d), for engaging in conduct prejudicial to the administration of justice.

Under SCR 3.435, Roberts is subject to reciprocal discipline unless he proves by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that the misconduct established warrants substantially different discipline in Kentucky. And SCR 4.435(4)(c) further provides that "In all other respects, a final adjudication in another jurisdiction that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this State." Roberts has offered no evidence in opposition to the imposition of reciprocal discipline.

Accordingly, the Court ORDERS:

1) James D.R. Roberts, Jr. is subject to reciprocal discipline under SCR 3.425 based on the Supreme Court of Tennessee's conclusions that Roberts violated six rules of the Tennessee Rules of Professional Conduct;

2) He is hereby suspended from the practice of law in the Commonwealth of Kentucky for six months, to run concurrently with his suspension in Tennessee; AND

3) Roberts must notify all courts and clients of his suspension in accordance with SCR 3.390. Those notifications must be made by letter in the United States mail within ten days from the date of entry of this Opinion and Order. Roberts must also simultaneously provide a copy of all notification letters to the Office of Bar Counsel. Also, to the extent

3

possible, Roberts must cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: August 25, 2016.

CHIEF JUSTICE JOHN D. MINTON JR.

4